# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON BALLARD,<br><br>        Plaintiff,<br><br>v.<br><br>BHI ENERGY, INC.,<br><br>        Defendant. | CIVIL ACTION NO __2:22-cv-115__<br><br>STATE COURT CASE NO. 2021-11719 |

### **DEFENDANT BHI ENERGY, INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant BHI Energy, Inc. ("BHI") files this Notice of Removal on the basis of both federal question and diversity jurisdiction and makes the following statement of the grounds for removal:

**I.  PROCEDURAL HISTORY**

1. On December 23, 2021, Plaintiff Brandon Ballard filed a Complaint (the "Complaint") commencing this action, styled *Brandon Ballard v. BHI Energy, Inc.*, Docket No: 11719-2021, Court of Common Pleas of Beaver County, Pennsylvania, Civil Division (the "State Action"). A copy of the Complaint and all other documents filed in the State Action are attached as Exhibit A.

2. BHI received a mailed copy of the Complaint on December 31, 2021. Proof of delivery on this date is attached as Exhibit B.

3. Plaintiff has asserted causes of action for purported violation of the Pennsylvania Minimum Wage Act ("PMWA") and seeks monetary damages.

## II.     THIS CASE IS PROPERLY REMOVED TO THIS COURT.

### A.     This Court has original jurisdiction pursuant to 29 U.S.C. § 185(a).

4.     Plaintiff is a member of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("United Association"), a labor union with whom BHI has a collective bargaining agreement ("CBA"). *See* Exhibit C, Declaration of Marcia Jackson[1]

5.     The CBA, among other things, addresses union members' hours of work, work time, job duties, and rates of pay.

6.     At all times relevant to this action, Plaintiff was employed at a project site in Monaca, Pennsylvania pursuant to a personnel loan agreement between BHI and Great Arrow Builders, LLC and BHI's engagement of United Association members.

7.     Plaintiff's Complaint alleges that Defendant's "compensation policy" violated the PMWA with respect to himself and a class of other employees because it did not include overtime pay for certain activities incidental to their shifts. *See* Compl. at ¶ 10.

8.     However, the "compensation policy" applicable to Plaintiff and the class of employees he purports to represent is set by the CBA. Adjudication of his PMWA claim would necessitate interpretation and application of relevant provisions of the CBA governing Plaintiff's job duties and wages.

9.     Under the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141, *et seq.*, this Court has original jurisdiction over lawsuits concerning "violation[s] of contracts between an employer and a labor organization[.]" 29 U.S.C. § 185(a). "[W]hen resolution of a state-law claim

---

[1] Although the CBA was initially an agreement between the United Association and an entity known as WeldTech Services Corporation, the CBA is binding upon BHI with respect to United Association members as a result of BHI's later acquisition of WeldTech. *See* Exhibit C.

is substantially dependent upon analysis of the terms of an agreement made between parties in a labor contract, that claim must be treated as a[n LMRA] claim[.]" *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). *See Johnson v. NBC Universal, Inc.*, 409 F. App'x 529, 532 (3d Cir. 2010) ("State law claims are completely preempted by the LMRA when the claims are substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract[.]") (internal quotation omitted); *Penn. Fed'n Bd. of Maintenance of Way Emps. v. Nat'l R.R. Passenger Corp.*, 989 F.2d 112, 115 (3d Cir. 1993) (removal of claim under PMWA alleging that certain uncompensated activities were compensable under the statute was preempted by the LMRA because the claim "required interpretation of the collective bargaining agreement to see exactly what the duties of the employees are").

10. Because the resolution of Plaintiff's PMWA claim would necessitate the analysis and interpretation of his job duties and wages as provided in the governing CBA, this Court has original jurisdiction over his claims pursuant to the LMRA's complete preemption of such claims.

**B.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332.**

11. This Court additionally has diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Both requirements are satisfied here.

**(1)     Complete diversity of citizenship exists.**

12. Under 28 U.S.C. § 1332(a)(2), this is a civil action between "citizens of a State and citizens or subjects of a foreign state."

13. The Complaint identifies Plaintiff as a North Carolina citizen. *See* Compl. at ¶ 1.

14. The Complaint also identifies BHI as a business corporation being a resident of the State of Massachusetts. *See* Compl. at ¶ 2

15. Therefore, both at the time of filing the State Action and at the time of removal, there is complete diversity between Plaintiff and BHI under 28 U.S.C. § 1332(a)(2), and the State Action is properly removable under 28 U.S.C. § 1441(b).

16. 28 U.S.C. § 1441(b)(2) does not preclude removal since BHI, the only named defendant, is not a citizen of Pennsylvania.

### (2) The amount in controversy exceeds $75,000.

17. The amount in controversy requirement is satisfied "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

18. In determining the amount in controversy, the Court considers the total amount of monetary relief that the plaintiff seeks to recover, or the financial impact the relief sought would have on defendants. *See Krell v. Prudential Ins. Co. of Am. (in Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)*, 148 F.3d 283, 303 (3d Cir. 1998); *Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) (the amount is measured by "the judgment's pecuniary consequences to those involved in the litigation."); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

19. It is well-settled that in determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. section 1332(a), a court should consider the aggregate value of claims for compensatory and punitive damages, and attorneys' fees. *See, e.g.*, *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240–41 (1943) (amount in controversy requirement met if plaintiff

"might recover" award of compensatory and punitive damages in excess of amount in controversy requirement).

20. In making the determination of whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), the Court should aggregate the claims brought by one plaintiff against one defendant, *see Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) ("[C]laims, whether related or unrelated, of a single plaintiff against a single defendant may be aggregated."), punitive damages and attorney's fees, as well as compensatory damages, *see Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."); *see also Dunfee v. Allstate Ins. Co.*, CIVIL ACTION NO.: 08-CV-01425, 2008 U.S. Dist. LEXIS 49955, 2008 WL 2579799, at *8 (E.D. Pa. June 26, 2008) (considering both punitive damages and attorney's fees in determining whether the amount in controversy was met).

21. As alleged in the Complaint, at the time of filing of this case and at the time of removal, Plaintiff alleges a claim in the amount of over $25,000. *See* Civil Cover Sheet, Exhibit A at 5. Plaintiff also seeks judgement for all unpaid overtime wages for an unspecified number of hours, prejudgment interest, litigation costs, expenses, and attorneys' fees. *See* Compl. at Prayer for Relief.

22. During the period at issue, Plaintiff earned overtime wages as high as $76.88 per hour. *See* Exhibit C.

23. A reasonable reading of the Complaint is sufficient to indicate that the sought-after relief exceeds the $75,000 threshold required pursuant to 28 U.S.C. § 1332(a).

24. BHI denies the validity and merit of the entirety of Plaintiff's alleged claim, the legal theories upon which the claim is based, and the alleged claim for monetary and other relief that flow therefrom. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any amount whatsoever, BHI concedes that the allegations, as pled in this action by Plaintiff, exceed $75,000, exclusive of costs and interest.

**D.  BHI timely filed this notice of removal.**

22. Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because BHI filed it within 30 days after BHI was first received a copy of the Complaint. *See* Exhibit B.

**E.  This Court is the appropriate venue for removal.**

23. Removal to this Court is proper because the United States District Court for the Western District of Pennsylvania is the district within which the State Action is pending.  28 U.S.C. § 1441(a).

## III.  CONCLUSION

24. Based on the above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

25. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, records, orders, and other proceedings from the State Action are filed herewith.

26. If any question arises as to the propriety of the removal of this action, BHI requests the opportunity to present a brief with supporting documentation, if applicable, and oral argument in support of its position that this case is removable.

27. By filing this Notice of Removal, BHI does not waive and hereby expressly reserves the right to assert any defense or motion available in this action pursuant to state or federal

law after removal to this Court, including but not limited to objections regarding jurisdiction, venue, sufficiency of process or service of process, and the service of discovery.

WHEREFORE, BHI respectfully removes this action from the Court of Common Pleas of Beaver County, Pennsylvania, Civil Division to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

Date: January 20, 2022

Respectfully submitted,

**SQUIRE PATTON BOGG (US) LLP**

By:  */s/ Allen A. Kacenjar*
    Allen A. Kacenjar (OH 0071224)
    4900 Key Tower
    127 Public Square
    Cleveland, Ohio 44114
    Telephone: +1.216.479.8296
    Allen.kacenjar@squirepb.com

    David W. Long-Daniels*
    Angela F. Ramson*
    M. Allyson Lumpkin*
    One Atlantic Center
    1201 W. Peachtree Street NW
    Suite 3150
    Atlanta, Georgia 30309
    Telephone: +1.678.272.3200
    David.Long-Daniels@squirepb.com
    Angela.Ramson@squirepb.com
    Allyson.Lumpkin@squirepb.com

    *To Be Admitted Pro Hac Vice

    *Attorneys for Defendant BHI Energy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2022, the foregoing document was filed with the clerk of this Court via the CM/ECF system, and served via email and first-class mail to the Plaintiff as follows:

Timothy Conboy, Esquire
**ConboyLaw, LLC**
733 Washington Road
Suite 201
Pittsburgh, Pennsylvania 15228
tim@conboylaw.com
(412) 343-9060

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
**Winebrake & Santillo, LLC**
715 Twining Road
Suite 211
Dresher, Pennsylvania 19025
(215) 884-2491

                                          */s/ Allen A. Kacenjar*
                                          Allen A. Kacenjar (OH 0071224)
                                          4900 Key Tower
                                          127 Public Square
                                          Cleveland, Ohio 44114
                                          Telephone: +1.216.479.8296
                                          Allen.kacenjar@squirepb.com