IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| BRANDON BALLARD, <br>                       Plaintiff, <br> v. <br><br> BHI ENERGY I SPECIALTY SERVICES, LLC, <br>                       Defendant. | 2:22-cv-00115-WSH |

**ORDER**

**AND NOW**, this 14th day of November, 2023, upon consideration of Plaintiff's "Unopposed Motion for Certification of the Settlement Class, Final Approval of the Settlement, and Other Associated Relief" ("Motion") (Doc. 49), the accompanying "Class Action Settlement Agreement" ("Agreement") (Doc. 49-1), the accompanying "Notice" and attached individual settlement agreements for Jacob Faoliu and Clifford Roy Daugherty (Docket No. 51), the accompanying Declaration of Aisha Lange ("Lange Dcl.") (Doc. 49-2), the accompanying Declaration of R. Andrew Santillo (Doc. 49- 3), the accompanying Affidavit of Timothy Conoy (Doc. 49-4) the accompanying Memorandum of Law (Doc. 50), the representations and arguments of counsel during the November 14, 2023 fairness hearing, and all other papers and proceedings herein, it is hereby **ORDERED** as follows:

1.    The Court **CERTIFIES A SETTLEMENT CLASS** comprised of the 145 individuals who: (i) are listed in Exhibit A to the Agreement; and (ii) have not excluded themselves from the settlement.[1] The Court finds that the settlement class satisfies Federal Rule of Civil Procedure ("Civil Rule") 23(a)'s four requirements – numerosity, commonality, typicality, and

---

[1] During the notice process, it was determined that two individuals (Jacob Faoliu and Clifford Roy Daugherty) were not included in the class preliminarily approved by the Court. The parties agreed to settle their claims separately from this settlement through individual settlement agreements drafted by the undersigned counsel in which they will receive the same net recovery as other Class Members. W&S and Conboy are not receiving any compensation under these agreements for Messrs. Faoliu and Dougherty. These agreements were reviewed and approved by this Court.

1

adequacy of representation – as well as Civil Rule 23(b)(3) additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

2. The settlement requires Defendant BHI Energy I Specialty Services, LLC ("Defendant") – who continues to vigorously contest any liability – to pay a total amount of $325,000.00 to be distributed as follows: (i) $212,000.00 will be paid to the 145 Class Members in the amounts described in Exhibit A to the Agreement; (ii) a $5,000.00 service award will be paid to Named Plaintiff Brandon Ballard ("Plaintiff"); and (iii) $108,000.00 will be paid to class counsel to cover attorney's fees and expenses (including all settlement administration expenses). The Court finds the settlement fund to be "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), and, therefore **APPROVES** the settlement. The Court also **APPROVES** the individual settlements regarding Jacob Faoliu and Clifford Roy Daugherty (Docket No. 51) as fair, reasonable, and adequate, and finds that such terms treat these individuals equitably relative to each other and to Class Members. These findings are supported by the evidence and arguments presented by Plaintiff in the Motion and accompanying documents and during the November 14, 2023 fairness hearing. In particular, the record establishes that all of the criteria described in Civil Rule 23(e)(2) favor approval.

3. The Court **APPROVES** the payment of a $5,000.00 service award to Plaintiff.

4. The Court **APPOINTS** the law firm of Winebrake & Santillo, LLC and Conboy Law, LLC to serve as class counsel. The record demonstrates that these firms are qualified to serve as class counsel under the criteria described in Civil Rule 23(g)(1)(A).

5. The Court **APPROVES** the payment of $108,000.00 to class counsel. As evidenced by the sworn statements of Aisha Lange, R. Andrew Santillo, and Timothy Conboy,

$20,811.05 of this amount will reimburse class counsel for expenses (including current and future settlement administration expenses). The remaining $87,188.95 will be paid to class counsel as attorney's fees. This fee payment – which amounts to approximately 26.8% of the total $325,000.00 settlement fund – falls well below the 33.33% percentage of the fund fee awards often approved in wage and hour class/collective action settlements. *See Jordan v. Passavant Mem'l Homes*, 2022 U.S. Dist. LEXIS 70216, *4 (W.D. Pa. Apr. 13, 2022); *see also e.g.*, *Copley v. Evolution Well Services Operating, LLC*, 2023 U.S. Dist. LEXIS 23452 (W.D. Pa. Feb. 10, 2023); *Kapolka v. Anchor Drilling Fluids USA, LLC*, 2019 U.S. Dist. LEXIS 182359 (W.D. Pa. Oct. 22, 2019). In addition, the fee award is supported by the factors described in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 193 n. 1 (3d Cir. 2000) and *In re Prudential Insurance Company America Sales Practice Litig.*, 148 F.3d 283 (3d Cir. 1998). *See Kapolka*, 2019 U.S. Dist. LEXIS 182359, at *17-18 (listing factors).

6. This action is **DISMISSED WITH PREJUDICE**, although the Court will continue to maintain jurisdiction over the enforcement of the settlement.

_____
W. Scott Hardy
United States District Judge